**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUIZ GONZALO-OROS, AKA Gonzalo Ruiz-Oros, | Nos. 17-73324 18-72336 |
| Petitioner, | Agency No. A200-550-455 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

In these consolidated petitions for review, Ruiz Gonzalo-Oros, a native and

citizen of Mexico, petitions for review of the Board of Immigration Appeals'

("BIA") orders dismissing his appeal from an immigration judge's ("IJ") decision

denying his application for cancellation of removal, and denying his subsequent

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen and remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider or reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). In 17-73324, we dismiss in part and deny in part the petition for review. In 18-72336, we deny the petition for review.

We lack jurisdiction to review the agency's denials of cancellation of removal and voluntary departure as a matter of discretion. 8 U.S.C. § 1252(a)(2)(B)(i). Gonzalo-Oros's contentions that the agency did not consider evidence regarding rehabilitation and improperly refused to allow relevant testimony are not supported. Accordingly, he has not raised a colorable legal or constitutional error to invoke our jurisdiction over the discretionary determinations. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)).

Gonzalo-Oros has not established a due process violation in the IJ's denial of his motion for telephonic expert testimony because the proffered testimony addressed hardship to Gonzalo-Oros's children, which was not the basis of the IJ's decision to deny Gonzalo-Oros's application for relief as a matter of discretion. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on

a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The BIA did not abuse its discretion in denying Gonzalo-Oros's motion to reopen and remand because Gonzalo-Oros provided no explanation as to why the evidence presented was not available or could not have been discovered during his proceedings. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing[.]").

No. 17-73324: **PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

No. 18-72336: **PETITION FOR REVIEW DENIED.**